UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DARRYL MORTON,                                              Civil Action No.

                Plaintiff,

     -against-                                              **COMPLAINT**

NEW YORK UNIVERSITY, FOUNTAIN WALKER,
JODY WALKER, and ANDREW MCMAHAN,

                Defendants.                      Plaintiff Demands a Trial
                                                                         By Jury
-----------------------------------------------------------------X

      Plaintiff, DARRYL MORTON, (hereinafter referred to as "Plaintiff" or "MORTON"), by and through his attorneys, **LAW OFFICE OF GEORGE T. PETERS, PLLC** as and for his Complaint in this action against NEW YORK UNIVERSITY, FOUNTAIN WALKER, JODY WALKER and ANDREW MCMAHAN (hereinafter collectively referred to as "Defendants"), (Defendants Walker, Walker, and McMahan hereinafter referred to as "Individual Defendants") respectfully alleges as follows:

## NATURE OF PLAINTIFF'S CLAIMS

    1.    This action is brought to remedy, *inter alia*, Defendants' unlawful discrimination against Plaintiff with respect to his employment based on sex and gender, along with a hostile work environment, retaliation as a result of Plaintiff's opposition to these unlawful practices, and Defendants' wrongful termination of Plaintiff as a result of his opposition to these unlawful practices. Through their unlawful and discriminatory conduct, Defendants violated, *inter alia*, Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e et. seq. ("Title VII"), New York Executive Law, § 290, et seq. ("NYSHRL"); and the Administrative Code of the City of New York §8-107 et seq. ("NYCHRL"); in addition to any and all other causes of action which

1

are alleged and/or can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and U.S. Const. Art. III §2, as this is a case arising under the EPA (as well as Title VII) in that the action involves a Federal Question, because the causes of action asserted herein arise in part under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C § 2000e et. seq. ("Title VII"), to remedy violations of the laws of the State and City of New York based upon federal question and the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. § 1367, seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff suffered as a result of being discriminated, retaliated, and unlawfully terminated on the basis of her sex and gender, as well as a hostile work environment.

3. 28 U.S.C. §1331 states that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

4. Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") in Summer 2024, against NYU.

5. Plaintiff received a notice of right to sue letter against NYU on November 1, 2024. Thus, Plaintiff satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving his notice of right to sue letter.

6. Plaintiff's claims under NYSHRL, NYCHRL, NYLL, and New York common law arise out of the same events as the federal claims that are properly before this Court. Therefore, this Court properly exercises pendent jurisdiction over these claims pursuant to 28 U.S.C. §1367.

7.      Plaintiff contemporaneously served a copy of this Complaint upon the New York (a) City Commission on Human Rights and the Office of the Corporation Counsel of the City of New York in satisfaction of the notice requirements of NYCHRL §8-502(c) and (b) Attorney General in satisfaction of the notice requirements of NYLL §215(2)(b).

## PARTIES

8.      Darryl Morton is a male resident of New Jersey and at all relevant times was employed by NEW YORK UNIVERSITY (hereinafter referred to as "NYU").

9.      NYU is a tax-exempt private university chartered by the New York State Legislature and maintains its principal place of business at 70 Washington Square South, New York, New York 10012. NYU is comprised of numerous schools and colleges duly existing by the virtue and laws of the State of New York that does business in the State of New York.

10.     At all times material, Plaintiff was employed by NYU in security.

11.     At all times relevant to this Complaint, NYU met the definition of an "employer" and employed at least fifteen (15) persons.

12.     At all relevant times, each of the Individual Defendants, exercised managerial and supervisory authority over Plaintiff on behalf of the NYU defendants that directly affected the nature or conditions of Plaintiff's employment, and they actively participated in and aided and abetted the discriminatory conduct discussed herein and retaliated against Plaintiff for protected activities.

13.     At all relevant times, the Individual Defendants and NYU stood in such relationship to each other and to Plaintiff so as to make NYU liable for the acts and omissions of each Individual Defendant.

## **FACTUAL ALLEGATIONS**

14. On April 17, 2017, NYU hired Plaintiff as Director of Public Safety Events. Plaintiff was promoted to Director of Campus Safety Events around early 2019.

15. Plaintiff is a retired Nashville, Tennessee police officer with over thirty (30) years' experience.

16. On November 1, 2023, Plaintiff received a telephone call from Fountain Walker, vice-president of campus safety, stating that he was placed on administrative leave and not to return to work.

17. On November 2, 2023, during a conversation with Fountain Walker and Jody Walker, human resources/employee relations manager and Andrew McMahan, assistant vice president of campus safety explained that I had been accused of sexual harassment. Plaintiff was not allowed on campus or to contact any subordinates.

18. On November 8, 2023, Plaintiff met with NYU investigators. The NYU investigators produced a document with allegations against Plaintiff. Plaintiff requested an attorney to be present during this meeting but was denied.

19. The unsubstantiated allegations about Plaintiff were leaked throughout his NYU department and did not remain confidential as was afforded to all other accused employees throughout his employment.

20. On December 22, 2023, Plaintiff received an email stating that he had violated NYU's sexual harassment policy.

21. On January 16, 2024, Plaintiff's employment was terminated based on unsubstantiated allegations of sexual harassment. There was no evidence of sexual harassment. Plaintiff was not allowed to review any evidence. Plaintiff could not rebut the accusations against

him.

22. Not surprisingly, Plaintiff was accused of sexual harassment after informing his accuser that she had to improve her job performance, or she would be subjected to discipline. This meeting was held with two (2) other NYU employees in attendance.

23. The accuser made similar sexual harassment accusations against additional NYU employees, but they were not subject to discipline.

24. Other NYU employees were accused of sexual harassment by myriad employees with evidence of sexual harassment, yet their employment was not terminated.

25. Other NYU employees were offered two (2) "LAST CHANCE" employment agreements before their employment was terminated. Fountain Walker blocked these employment terminations.

26. For example, a Black male was accused of sexual harassment by three (3) women on three (3) different occasions. Obviously, his employment was not terminated on the first or second accusation.

27. Finally, a White female professor was accused of sexually harassing a student. Due to Plaintiff's position within NYU he became privy to certain details about this matter. The investigation into the professor lasted eleven (11) months. After the evidence against the professor was substantiated, the professor's employment was not terminated; however, she was suspended for one (1) year.

28. After 2019, I sought a raise after NYU increased my employment role and responsibilities. My raise request was denied and NYU started looking to terminate my employment. Instead of a raise, my managers began retaliatory episodes. I fell out of favor after standing up for my beliefs.

## FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
## NOT AGAINST INDIVIDUAL DEFENDANTS

29. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

30. Title VII states in relevant part as follows:

(1) Employer practices: It shall be an unlawful employment practice for an employer:

(2) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

31. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based upon the unlawful employment practices of Defendant NYU. Among other discrimination and improper conduct, Defendant NYU discriminated against Plaintiff based on his sex and gender.

32. Plaintiff complains of Defendant NYU's violations of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex and gender.

33. Defendant NYU engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by harassing and otherwise discriminating against Plaintiff as set forth herein.

34. Defendant NYU violated the above and Plaintiff suffered numerous damages as a result.

## SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER TITLE VII
## (NOT AGAINST INDIVIDUAL DEFENDANTS)

35. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

36. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because she has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

37. Defendant NYU engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of his opposition to their unlawful employment practices.

38. Defendant NYU violated the above and Plaintiff suffered numerous damages as a result.

## THIRD CAUSE OF ACTION
## (Violation of NYSHRL – Gender Discrimination)
## AGAINST ALL DEFENDANTS

39. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

40. By the above acts and practices and described misconduct, Defendants discriminated against Plaintiff on the basis of his sex in violation of NYSHRL §296(1).

41. As a result of Defendants' discriminatory acts, Plaintiff suffered and will continue to suffer irreparable injury, including monetary damages for deprivation of income and benefits, termination of employment, loss of opportunity for professional advancement and promotion,

and damages for psychological injury and related emotional distress.

42. Defendants intentionally and maliciously engaged in those unlawful discriminatory practices with reckless and wanton indifference to, and conscious disregard of Plaintiff's statutorily protected rights.

43. Each Individual Defendant actually and intentionally aided and abetted NYU in discriminating against Plaintiff on the basis of his sex in violation of NYSHRL §296(6), by personally leading and participating in discriminatory acts as alleged.

### FOURTH CAUSE OF ACTION
### (Violation of NYSHRL – Retaliation)
### AGAINST ALL DEFENDANTS

44. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

45. By the above acts and practices and described misconduct, Defendants discriminated against Plaintiff on the basis of his sex in violation of NYSHRL §296(7).

46. As a result of Defendants' discriminatory acts, Plaintiff suffered and will continue to suffer irreparable injury, including monetary damages for deprivation of income and benefits, termination of employment, loss of opportunity for professional advancement and promotion, and damages for psychological injury and related emotional distress.

47. Defendants intentionally and maliciously engaged in those unlawful discriminatory practices with reckless and wanton indifference to, and conscious disregard of Plaintiff's statutorily protected rights.

48. Each Individual Defendant actually and intentionally aided and abetted NYU in discriminating against Plaintiff on the basis of his sex in violation of NYSHRL §296(7), by personally leading and participating in discriminatory acts as alleged.

## FIFTH CAUSE OF ACTION
### (Violation of NYCHRL – Gender Discrimination)
### AGAINST ALL DEFENDANTS

49. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

50. By the above acts and practices and described misconduct, Defendants discriminated against Plaintiff on the basis of his sex in violation of NYCHRL §8-107(1).

51. As a result of Defendants' discriminatory acts, Plaintiff suffered and will continue to suffer irreparable injury, including monetary damages for deprivation of income and benefits, termination of employment, loss of opportunity for professional advancement and promotion, and damages for psychological injury and related emotional distress.

52. Defendants intentionally and maliciously engaged in those unlawful discriminatory practices with reckless and wanton indifference to, and conscious disregard of Plaintiff's statutorily protected rights.

53. Each Individual Defendant actually and intentionally aided and abetted NYU in discriminating against Plaintiff on the basis of his sex in violation of NYCHRL §8-107(1), by personally leading and participating in discriminatory acts as alleged.

## SIXTH CAUSE OF ACTION
### (Violation of NYCHRL – Retaliation)
### AGAINST ALL DEFENDANTS

54. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

55. By the above acts and practices and described misconduct, Defendants discriminated against Plaintiff on the basis of his sex in violation of NYCHRL §8-107(7).

56. As a result of Defendants' discriminatory acts, Plaintiff suffered and will continue

to suffer irreparable injury, including monetary damages for deprivation of income and benefits, termination of employment, loss of opportunity for professional advancement and promotion, and damages for psychological injury and related emotional distress.

57. Defendants intentionally and maliciously engaged in those unlawful discriminatory practices with reckless and wanton indifference to, and conscious disregard of Plaintiff's statutorily protected rights.

58. Each Individual Defendant actually and intentionally aided and abetted NYU in discriminating against Plaintiff on the basis of his sex in violation of NYCHRL §8-107(7), by personally leading and participating in discriminatory acts as alleged.

### SEVENTH CAUSE OF ACTION
### (New York State Law – Defamation Per Se)
### AGAINST ALL DEFENDANTS

59. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

60. By the above acts and practices and described misconduct, Defendants defamed plaintiff in different contexts and varied means deliberately defamed Plaintiff orally and in written form.

61. Each Individual Defendant stated in oral and written form that Plaintiff had sexually harassed a third party without proof or justification. These allegations are false and the Defendants knew or should have known that these statements were false.

62. As a result of Defendants' defamatory statements, Plaintiff has been irreparably damaged and continues to be damaged.

63. Defendants intentionally engaged in defamatory practices with reckless and wanton indifference to, and conscious disregard of, Plaintiff's rights.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment and grant the following relief:

a. Declare the acts and practices complained of herein to be violations of Title VII, NYSHRL, NYCHRL, and the common law of New York State;

b. Enjoin and permanently restrain these statutory violations by Defendants;

c. Declare Plaintiff's employment termination to be invalid and void;

d. Award Plaintiff damages; including but not limited to, compensatory damages, punitive damages, statutory damages, lost wages, back pay, front pay, attorney's fees, costs, interest and all other damages as are just and proper to remedy Defendants' unlawful employment practices.

## **JURY DEMAND**

Plaintiff demands a trial by jury as to all issues so triable.

Date: November 11, 2024
New York, New York

Law Office of George T. Peters, PLLC

GEORGE T. PETERS, ESQ.
*Attorneys for Plaintiff, Darryl Morton*
20 East 125th Street, 2nd Floor
New York, New York 10035
Tel: 929.374.1200
E-mail: G.peters@myattys1.com

11