**FORDHARRISON**

300 Connell Drive | Suite 4100
Berkeley Heights, New Jersey 07922
Tel 973-646-7300 | Fax 973-646-7301

Writer's Direct Contact:
MARK A. SALOMAN
973-646-7305
msaloman@fordharrison.com

March 6, 2025

**VIA ECF**

The Honorable Jeannette A. Vargas, U.S.D.J.
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    **Re:**    ***Darryl Morton v. New York University, et al., 24-CV-08569***

Your Honor:

Pursuant to Your Honor's January 21, 2025 scheduling order [ECF 9], the parties respectfully submit this joint status letter.

### 1. Nature of the Action and Principal Defenses

***Plaintiff***: Plaintiff, a retired Nashville, Tennessee police officer with thirty (30) years' experience, was Director of Public Safety Events at NYU. Plaintiff received a telephone call from Fountain Walker, vice-president of NYU campus safety, stating that he was placed on administrative leave after being accused of sexual harassment. Plaintiff met with NYU investigators, who produced a document with allegations against Plaintiff. Plaintiff requested an attorney to be present during this meeting but his request was denied. The unsubstantiated allegations about Plaintiff were leaked throughout his NYU department and did not remain confidential as was afforded to all other accused employees throughout his employment at NYU .

Plaintiff's employment was terminated based on unsubstantiated and untrue allegations of sexual harassment. Plaintiff was not allowed to review any evidence or rebut accusations against him. Not surprisingly, Plaintiff was accused of sexual harassment after informing his accuser that she had to improve her job performance, or she would be subjected to discipline. This meeting with the accuser was held with two (2) other NYU employees in attendance. The accuser made similar sexual harassment accusations against additional NYU employees, but the additional NYU employees were not subject to discipline or employment termination. Other NYU employees were accused of sexual harassment by myriad employees with evidence of sexual harassment, yet their employment also was not terminated. Other NYU employees were offered two (2) "LAST CHANCE" employment agreements before their employment was terminated.

***Defendants***: Plaintiff's employment was terminated after a comprehensive investigation that substantiated several instances of sexual harassment lodged against him by a female subordinate employee, revealing sexually explicit and unwelcome behavior that violated NYU's Non-Discrimination and Anti-Harassment Policy. The decision to terminate Plaintiff was based on the findings of the investigation. Plaintiff's defamation claim lacks merit because the

**VIA ECF**

The Honorable Jeannette A. Vargas
March 6, 2025

statements in question were limited to privileged internal communications and were made in the course of an appropriate investigative process.

### 2. Jurisdiction and Venue

This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and has supplemental jurisdiction over the related state and city law claims under 28 U.S.C. § 1367.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the alleged events giving rise to Plaintiff's claims occurred in New York, where NYU maintains its principal place of business.

### 3. Existing Deadlines, Due Dates, and Cut-Off Dates

The current deadlines in this case are as follows:

- First Mediation Conference scheduled for March 10, 2025.

- Initial Pretrial Conference scheduled for March 11, 2025.

### 4. Outstanding Motions

There are currently no pending motions before the Court.

### 5. Discovery Status

The parties have not yet commenced discovery prior to the initial pre-trial conference.. The parties anticipate that the exchange of written discovery requests, production of relevant documents, and depositions of key witnesses will be necessary as the case progresses.

### 6. Prior Settlement Discussions

The parties have not yet engaged in substantive settlement negotiations.  The upcoming mediation conference on March 10, 2025, will provide an initial opportunity to assess potential resolution.

### 7. Alternative Dispute Resolution

The parties will participate in the scheduled mediation conference on March 10, 2025.  If this mediation conference is unsuccessful, the parties believe that a settlement conference before a Magistrate Judge, participation in the District's Mediation Program, or retention of a private mediator may be productive as the case progresses.

### 8. Other Information

The parties will keep the Court apprised of any developments that may aid in advancing this case toward resolution.

We thank the Court for its attention to this matter.

**VIA ECF**

The Honorable Jeannette A. Vargas
March 6, 2025

                                          Respectfully Submitted,

                                          MARK SALOMAN
                                          FORDHARRISON LLP
                                          *Counsel For Defendants*

                                          GEORGE THEODORE PETERS
                                          LAW OFFICE OF GEORGE T. PETERS, PLLC
                                          *Counsel For Plaintiff*